**FILED**
**Jan 26, 2021**
**02:42 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **JOSHUA BRYANT,** | ) | **Docket No. 2020-08-0309** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MALCO THEATERS INC.,** | ) | **State File No. 97676-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **LIBERTY MUTUAL FIRE INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This case came before the Court for an Expedited Hearing on January 13, 2021. Mr. Bryant requested additional medical and temporary disability benefits for a head injury. Malco asserted that he filed his Petition for Benefit Determination (PBD) outside the applicable statute of limitations and it had paid all benefits to which Mr. Bryant was entitled. The Court finds Mr. Bryant filed his PBD outside the applicable statute of limitations and denies his request for benefits at this time.

### History of Claim

On December 14, 2019, Mr. Bryant hit his head on a wooden column at Malco's theater. He said he immediately became dizzy and experienced impaired vision and hearing. After reporting the injury, he laid down to regain his composure and then went home.

Mr. Bryant awoke the next morning with the same symptoms and went on his own to St. Francis Hospital. There, a CT scan of the brain was interpreted as normal, and a provider diagnosed a closed-head injury. Mr. Bryant returned two days later, received the same diagnosis, and underwent another CT that was interpreted as showing no acute findings.

1

Mr. Bryant then received an authorized medical evaluation at Methodist Minor Medical, where he reported blurred vision, a headache and feeling unsteady. The provider recommended a neurological evaluation.

Malco offered Mr. Bryant a panel of neurologists, from which he chose Dr. Alan Nadel. On January 10, 2018, Dr. Nadel did not find "anything specific" and stated he "really wonder[ed] if some of [Mr. Bryant's] symptoms [were] factitious." However, he placed Mr. Bryant off work. On February 1, Dr. Nadel again stated that he questioned "how much of this is factitious altogether" but continued the off-work restriction. He obtained an MRI of the brain that showed no acute findings. In March, again questioning Mr. Bryant's symptoms, he nonetheless recommended a second opinion.

Malco provided a second opinion with Dr. Mohammed Assaf, who saw Mr. Bryant on April 9. The limited record of that visit includes Dr. Assaf's notation that Mr. Bryant exhibited decreased strength when tested but was able to lift himself from the examination table using only his arms. Dr. Assaf diagnosed headaches and dizziness and believed Mr. Bryant could return to work.

On April 10, Dr. Nadel completed a final medical report in which he placed Mr. Bryant at maximum medical improvement with no impairment and returned him to regular duty. In an affidavit, Malco's payroll manager, Nancy Keough, stated she learned of Mr. Bryant's release on April 16 and told him he could return to work. Mr. Bryant reported for work on April 28, but before his shift ended, he complained of dizziness and ultimately called an ambulance. Medical records from that date document only the ambulance transport and that a provider at Baptist Hospital said Mr. Bryant could return to work on May 2.

According to Ms. Keough, Mr. Bryant repeatedly said that he was unable to work. Malco responded that the treating physicians had cleared him to do so, and, if he felt otherwise, he would need to obtain another diagnosis on his own. Because of Mr. Bryant's continued assertions that he could not work, Malco terminated him on May 16.

Afterward, Mr. Bryant continued treating on his own. Records from those providers include the history and treatment for the injury and for vertigo. In the last note, dated October 22, 2020, a provider advised Mr. Bryant to return in six months. The records contain no opinion as to a causal relationship between vertigo, or any other condition, and the work injury.

Mr. Bryant filed a PBD on March 26, 2020, in which he said he was not given proper medical treatment and wanted Malco to pay the bills he incurred for the treatment he received after his release from Dr. Nadel. He also said that Dr. Nadel "took me off work for months starting Jan. 10, 2018." At the hearing, Mr. Bryant requested the Court order

Malco to pay the bills and temporary total disability from "February 2018 through April 2018."

For its part, Malco offered the affidavit of its claim handler, who said Malco paid Mr. Bryant benefits through April 10, 2018, when Dr. Nadel released him. As to medical benefits, the claims handler stated Malco issued the last payment on March 22, 2019. Thus, Malco maintained that Mr. Bryant filed his PBD more than one year after the last payment and further argued it had provided all medical treatment made necessary by his injury.

## Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Bryant must show he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019).

Under Tennessee law, when an employer voluntarily pays benefits, the employee must file a PBD within one year of the later of two events. Specifically, the employee must file a PBD within one year of either the date of the last authorized treatment *or the date that the employer ceased payments of compensation,* whichever is later. Tenn. Code Ann. § 50-6-203(b)(2) (Emphasis added).

Here, Malco's claim representative stated he issued the last payment of medical benefits on March 22, 2019. Mr. Bryant offered no contrary evidence. He likewise did not dispute that he filed his PBD on March 26, 2020, more than one year later. Thus, Mr. Bryant's claim is barred by the one-year statute of limitations, and the Court denies his request for benefits at this time. Because of this finding, the Court need not address the issue of Mr. Bryant's entitlement to further benefits.

## IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. The Court denies Mr. Bryant's request for benefits at this time.

2. The Court sets a Status Hearing on **Monday, March 22, 2021, at 9:00 a.m. Central Time**. The parties must call 731-422-5263 or toll-free at 855-543-5038 to participate in the Hearing. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED January 26, 2021.**


_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Exhibits
1. First Report of Work Injury
2. Wage Statement
3. Employee's Choice of Physician Form
4. Separation Notice
5. Job Description
6. Employee's Affidavit (filed December 7, 2020)
7. Affidavit of Nancy Keough
8. Affidavit of Joseph Medvescek
9. Medical records of St. Francis Hospital
10. Medical records of Methodist Minor Medical
11. Medical records of Dr. Alan Nadel
12. Medical records of Dr. Mohammad Assaf
13. Medical records of Rural Metro/Collierville Fire/Baptist Hospital (collective)
14. Medical records of Shea Clinic
15. Medical records of Methodist Primary Care

Technical record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Case for Show Cause Hearing
4. Order Allowing Additional Time to File Hearing Request
5. Request for Expedited Hearing
6. Employer's Motion to Attend Expedited Hearing by Telephone
7. Order Granting Teleconference Expedited Hearing
8. Employer's Petition Statement for Expedited Hearing
9. Employer's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on January 26, 2021.

| Name | USPS | Via Email | Service Sent To: |
|------|------|-----------|------------------|
| Joshua Bryant, Employee | X | X | 9146 Forest Island Dr., N., Collierville, TN 38017 joshuamusic7@yahoo.com |
| Effie B. Cozart, Employer's Attorney | | X | effie.cozart@libertymutual.com kathleen.langston@libertymutual.com |

_Penny Shrum_

**Penny Shrum, Court Clerk**
**Wc.courtcler@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $_____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                     RDA 11082